IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-175-JDK-JDL |
| | § | |
| WARDEN LILLY, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Moreno Jr., an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding pro se, filed this lawsuit complaining of alleged deprivations of his constitutional rights. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The named Defendants are Warden Lilly of the Michael Unit and Sgt. Burch and Lt. Segui from the Estelle Unit.

**I.**

On May 22, 2025, the Magistrate Judge issued a Report recommending that Plaintiff's claims against Warden Lilly be dismissed for failure to state a claim upon which relief may be granted. Docket No. 4. The other two Defendants named by Plaintiff are officers at the Estelle Unit, and the actions complained of occurred there. The Estelle Unit is in Walker County, which is within the territorial jurisdiction of the Southern District of Texas, Houston Division. The Magistrate Judge therefore recommended that the claims against Sgt. Burch and Lt. Segui be transferred to the Southern District of Texas. *Id.* at 5. On June 11, 2025, Plaintiff filed an objection to

1

the Magistrate Judge's Report.  Docket No. 6.

## II.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## III.

In his objections, Plaintiff states that "Warden Lilly and her administration located at the Michael Unit were well aware of the historical record in the infirmary. Approval of said medical pass demonstrating no handcuffs to my arms.  Not to mention, the record includes indemnification process.  Ms. Lilly is legally responsible for the safety and welfare of assignment. Please see sec. 1983." Docket No. 6 at 1.

Plaintiff offers nothing to suggest that the Warden of the Michael Unit affirmatively participated in an incident occurring at the Estelle Unit, nor does he identify any allegedly unconstitutional customs or policies resulting in a constitutional injury. *See Spiller v. City of Texas City, Texas Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (in order to satisfy the cause in fact requirement, the plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that his injuries resulted from the execution of the policy or custom; the description of the policy or custom and its relationship to the

underlying constitutional violation cannot be conclusory, but must contain specific facts). Although Plaintiff says that the Warden is legally responsible for the safety and welfare of an assignment, the Magistrate Judge correctly determined that this is a claim of liability under the doctrine of respondeat superior, or supervisory liability, which is not generally applicable in § 1983 cases. *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 419 (5th Cir. 2017). Accordingly, Plaintiff's objections concerning Warden Lilly are without merit.

Plaintiff next states that Sgt. Burch and Lt. Segui intentionally disregarded his medical provisions. Docket No. 6 at 2. He says that regardless of the transport circumstances, the underlying Fifth and Eighth Amendment violation, including equal protection and cruel and unusual punishment, "is an act causing a constitutional deprivation resulting in a constitutional injury." *Id.* He cites his Step One and Step Two grievances and says that he has made a viable statement of a genuine issue of fact. *Id.* Plaintiff does not address the Magistrate Judge's recommendation that these claims be transferred to the Southern District of Texas. The Court offers no opinion as to the merits of Plaintiff's claim, which he may litigate in the court of proper venue. His objections present no basis upon which to reject the Magistrate Judge's Report.

## IV.

The Court has conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon de novo review, the Court has determined that the Report of the Magistrate Judge is correct, and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket no. 4) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's claims against Defendant Warden Lilly are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Warden Lilly is dismissed as a party to this lawsuit. It is further

**ORDERED** that the remaining claims in the lawsuit, including Plaintiff's claims against Sgt. Burch and Lt. Segui, are **TRANSFERRED**, forthwith and without delay, to the United States District Court for the Southern District of Texas, Houston Division, for such other and further proceedings which that court may deem appropriate. All motions not previously ruled upon are **DENIED.**

So **ORDERED** and **SIGNED** this **21st** day of **November, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE